## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **LORRI LANGFORD, individually and on** | : | |
| **behalf of a class of persons similarly situated,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No.** |
| | : | |
| **BUFFALO WILD WINGS INTERNATIONAL,** | : | |
| **INC., BUFFALO WILD WINGS, INC. and** | : | |
| **BLAZIN WINGS, INC. d/b/a BUFFALO WILD** | : | |
| **WINGS, JOHN DOE COMPANIES,** | : | |
| **1 through 10, inclusive,** | | |
| **Defendants** | : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I.      Introduction

1.      This is a class and collective action brought by the Plaintiff, individually and on behalf of all others similarly situated, against the Defendants seeking compensatory and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, arising out of Defendants' unlawful failure to properly compensate the Plaintiff and other similarly situated individuals in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Rhode Island Minimum Wage Act, R.I.G.L. §28-12-1, *et seq.* ("RIMWA").

### II.      Parties

2.      The Plaintiff, Lorri Langford ("Langford"), is a resident of the Town of Burriville, County of Providence, State of Rhode Island.  During all relevant time periods, Plaintiff Langford was employed by the Defendants, and was thus an employee within the meaning of 29 U.S.C. §203(e)(1) of the FLSA and R.I.G.L. §28-12-2(4) of the RIMWA.  Plaintiff Langford is a member of the class of persons as defined below and seeks to be certified as a class representative of the class.

3.     Defendant Buffalo Wild Wings International, Inc. is an Ohio corporation and maintains a principal place of business in Minneapolis, Minnesota.  In addition, Defendant Buffalo Wild Wings International, Inc. conducts business within the State of Rhode Island and employs individuals in the State of Rhode Island.

4.     Defendant Buffalo Wild Wings, Inc. is Minnesota corporation and maintains a principal place of business in Minneapolis, Minnesota.  In addition, Defendant Buffalo Wild Wings, Inc. conducts business within the State of Rhode Island and employs individuals in the State of Rhode Island.

5.     Defendant Blazin Wings, Inc. d/b/a Buffalo Wild Wings is a Minnesota corporation and maintains a principal place of business in Minneapolis, Minnesota.  In addition, Defendant Blazin Wings, Inc. d/b/a Buffalo Wild Wings is registered with the State of Rhode Island, conducts business within the State of Rhode Island, and employs individuals in the State of Rhode Island.

6.     On information and belief, John Doe Companies, 1 through 10 inclusive, are separate business entities, including, but not limited to, corporations, limited liability companies, firms, partnerships, associations, joint stock companies, subsidiaries, agents, and/or alter egos of Defendants Buffalo Wild Wings International, Inc., Buffalo Wild Wings, Inc., and/or Blazin Wings, Inc. d/b/a Buffalo Wild Wings or are associated with Defendants Buffalo Wild Wings International, Inc., Buffalo Wild Wings, Inc., and/or Blazin Wings, Inc. d/b/a Buffalo Wild Wings in some capacity.[1]  In addition, Defendant John Doe Companies, 1 through 10 inclusive, are registered with, conduct business in, and/or employ individuals in the State of Rhode Island.

---

[1]     The Plaintiff will amend this Complaint to set forth the names of these unknown Defendant entities when ascertained.

7.      That Defendants Buffalo Wild Wings International, Inc., Buffalo Wild Wings, Inc., Blazin Wings, Inc. d/b/a Buffalo Wild Wings and/or John Doe Companies, 1 through 10, inclusive, are collectively referred to hereinafter as "Defendants" or "BWW."

8.      At all relevant times, the Defendants were engaged in the stream of interstate commerce, and were employers of Plaintiff Langford and other similarly-situated individuals within the meaning of 29 U.S.C. §203(d); *see also  Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein.*

9.      The Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and are, and at all times hereinafter mentioned were, an enterprise with the meaning of 29 U.S.C. 203(r).

10.     At all times hereinafter mentioned, the Defendants employed Plaintiff Langford and other similarly-situated individuals in certain activities of said Defendant enterprises, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce.

11.     Said Defendant enterprises, at all times hereinafter mentioned, had annual gross volume of sales made or business done in the amount of not less than $500,000.00. Therefore, the Plaintiff and other similarly-situated employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s).

12.     Plaintiff Langford alleges, on behalf of herself and all similarly-situated employees hired by and employed by the Defendants in the State of Rhode Island, that the Defendants unlawfully failed and refused to provide the Plaintiff and members of the Class proper wages for all hours worked.

3

### III.   Jurisdiction

13.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367, 2201 and 2202 and 29 U.S.C. §216(b).

### IV.   Venue

14.     Venue is proper in this Court insofar as a substantial part of the events or omissions giving rise to the claim occurred in the District of Rhode Island and the Defendants are doing business in Rhode Island and therefore are deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

### V.   Defendant BWW's Wrongful Conduct Relates to Rhode Island

15.     The Defendants own, operate, control and/or maintain two (2) restaurant locations in the State of Rhode Island located at 400 Bald Hill Road, Suite E107, Warwick, Rhode Island 02886 ("Warwick location") and 51 Dowling Village Boulevard, North Smithfield, Rhode Island 02896 ("North Smithfield location").

16.     The conduct and practices on which the claims of Plaintiff Langford and the putative class were based and the transactions underlying such claims were conceived, formulated, approved, performed and disseminated in and from the State of Rhode Island.  Based on the following facts, among others, the Defendant's practices directly and indirectly affect the citizens of Rhode Island and thus the State of Rhode Island has the most significant relationship to the conduct, claims, and events at issue:

    a.     the Defendants conduct business in the State of Rhode Island and maintain restaurant locations in Warwick, Rhode Island and North Smithfield, Rhode Island;

    b.     at least one Defendant, Defendant Blazin Wings, Inc. d/b/a Buffalo Wild Wings, is registered with the State of Rhode Island to conduct business in the State;

4

b.      at least one Defendant, Defendant Blazin Wings, Inc. d/b/a Buffalo Wild Wings, is registered with the State of Rhode Island to conduct business in the State;

c.      the Defendants provide services to  citizens of the State of Rhode Island;

d.      the Defendants' improper wage practices are formulated and directed in Rhode Island.  On information and belief, Defendants' employees, who likely determined and dictated the unlawful pay practices complained of herein, were employed in the State of Rhode Island at Defendants' Warwick location and/or North Smithfield location; and,

e.      Plaintiff Langford and other similarly-situated employees worked in the State of Rhode Island.

## VI.      Factual Allegations Relating to Plaintiff Langford

17.      On or about June 11, 2015, Plaintiff Langford was hired by the Defendants as a part-time server at the North Smithfield location.

18.      As a part-time employee, Plaintiff Langford worked approximately twenty-eight (28) hours per week.

19.      In November, 2015, Plaintiff Langford became a full-time server and worked approximately thirty-eight (38) hours per week.

20.      Throughout her employment, Plaintiff Langford was compensated on an hourly basis at $2.89/hour, plus gratuities.

21.      Throughout her employment, Plaintiff Langford was compensated by Defendants at a sub-minimum, tip-credit wage.

22.      Throughout her employment, Plaintiff Langford was a "tipped employee" and treated as such by the Defendants under the FLSA and the RIMWA.  29 U.S.C. § 203(t); *see also*

*Solis v. Lorraine Enterprises*, 907 F. Supp. 2d 186, 190 (D.P.R. 2012), *aff'd sub nom. Perez v. Lorraine Enterprises, Inc.*, 769 F.3d 23 (1st Cir. 2014).

23.     While Plaintiff Langford was employed at Defendants, the Plaintiff was required to perform certain non-tipped duties, including, but not limited to, vacuuming floors, wiping down chairs and tables, washing dishes, filling ice machines, rolling silverware, cleaning garbage cans, filling salt and pepper shakers, cleaning soda machines and salad dressing pumps, and putting away items in the restaurant expo, such as salad dressings and vegetables.

24.     These non-tipped duties were commonly referred to as "side work" or "closing work."

25.     These non-tipped duties were unrelated to the duties performed by the Plaintiff in connection with her tipped occupation as a server.

26.     The Defendants required the Plaintiff to perform non-tipped duties before, during, and after the customers were at the Warwick and North Smithfield locations.

27.     During each work shift, at least two (2) employees were scheduled to be so-called "closers," which required such employees to remain at the restaurant at least one and one-half (1 ½) hours after the restaurant locations closed to customers and perform non-tipped duties.

28.     On several occasions, the Plaintiff was the "closer" for her work shift and performed non-tipped duties.

29.     The Defendants required the Plaintiff to perform non-tipped duties and only compensated her for such work at the sub-minimum hourly rate of $2.89 per hour.

30.     The FLSA and the RIMWA require employers to pay their employees at the minimum wage for all hours worked. 29 U.S.C. §206(a); R.I.G.L. §28-12-3.

31.     Prior to March, 2015, the Defendants failed to pay Plaintiff Langford and other similarly-situated employees at the minimum wage for all non-tipped duties performed as required by the FLSA and the RIMWA.

32.     Beginning in March, 2015, pursuant to a change in company policy and practice relative to payment for non-tipped duties, the Defendants began having regular hourly employees, such as hostesses, perform the non-tipped duties; however, the Defendants permitted Plaintiff Langford and other similarly-situated employees to continue to perform the non-tipped duties at his or her own discretion during his or her assigned work shifts, but failed to pay Plaintiff Langford and other similarly-situated employees at the minimum wage for all non-tipped duties performed.

33.     As a result, since March, 2015, the Defendants continued to fail to pay Plaintiff Langford and other similarly-situated employees at the minimum wage for all non-tipped duties performed as required by the FLSA and the RIMWA.

34.     The Plaintiff ceased working at Defendants on April 1, 2016.

35.     The Defendant's unlawful actions and/or omissions are in violation of the FLSA and the RIMWA, and were motivated by malice and ill will toward Plaintiff Langford and other similarly-situated employees, and Defendant's actions were taken with reckless and callous indifference to the statutorily protected rights of Plaintiff Langford and other similarly-situated employees.

36.     As a proximate result of the Defendants' unlawful acts and/or omissions, including, but not limited to, those described herein, Plaintiff Langford and other similarly-situated employees have suffered and will continue to suffer loss of income, costs incurred due to legal expenses, and other great harm.

7

## VII.    FLSA/RIMWA Class and Collective Action Allegations

37.     Plaintiff Langford brings this FLSA Collective Action pursuant to 29 U.S.C. 216(b) and this RIMWA Class Action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all those similarly-situated.

38.     The FLSA Collective Action shall be maintained as an opt-in collective action as required by the FLSA.

39.     The RIMWA Class Action shall be maintained as an opt-out class action in accordance with Fed. R. Civ. P. 23.

40.     The FLSA/RIMWA class/collective action persons, whom Plaintiff Langford seeks to represent, is defined as any and all individuals who were, are, or will be employed by Defendants in the State of Rhode Island as servers, waitresses, waiters, bartenders, bar backs, runners or other similarly-situated employees during the applicable statutes of limitations, who have not been compensated at the minimum wage for all non-tipped duties performed.  Plaintiff Langford and the class/collective action persons have had substantially similar job requirements, duties, and business activities, and were paid in the same manner, and are and have been subject to Defendants' decision, policy, plan, and common policies, programs, practices, procedures, protocols, routines, and rules wrongfully failing and/or refusing to compensate them at the minimum wage for all non-tipped duties performed.

41.     Plaintiff Langford is a member of the class she seeks to represent and the claims of Plaintiff Langford stated herein are essentially the same as those of the other class and collective action persons.

42.     There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual class members.

8

43.     Questions of law and fact common to the class as a whole include, but are not limited to, the following:

a.  whether the Defendants failed and continue to fail to provide Plaintiff Langford and other similarly-situated employees the proper amount of wages, including compensating Plaintiff and similarly-situated employees at the minimum wage for all non-tipped duties performed in various workweeks, in violation of the FLSA and the RIMWA;

b.  whether Defendants' policies and practices relative to its failure to provide Plaintiff Langford and other similarly-situated employees the proper amount of wages violate the applicable provisions of the FLSA and/or the RIMWA.

c.  whether Defendants' failure to pay Plaintiff Langford and other similarly-situated employees the proper amount of wages, including compensating the Plaintiff and similarly-situated employees at the minimum wage for all non-tipped duties performed in various workweeks, was an innocent mistake or willful within the meaning of the FLSA and the RIMWA;

d.  whether the Defendants acted in good faith in failing to pay Plaintiff Langford and other similarly-situated employees the proper amount of wages, including compensating the Plaintiff and similarly-situated employees at the minimum wage for all non-tipped duties performed in various workweeks;

e.  whether the Defendants have a history of previous violations for failing to pay the proper amount of wages, including compensating the Plaintiff and similarly-situated employees at the minimum wage for all non-tipped duties performed in various workweeks, in violation of the FLSA and/or the RIMWA; and,

f.   whether Plaintiff Langford and other similarly-situated employees have suffered damages as a result of Defendants' wrongful acts and/or omissions.

44.   A Class and/Collective Action is also fair and efficient means to litigate this matter because prosecution of separate actions by individual members of the class would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter, may be dispositive of the interests of other members to the adjudication, or substantially impair or impede their ability to protect their interests.

45.   Plaintiff Langford anticipates that there will be little difficulty in the management of this litigation.   This litigation presents a wage claim of a type that has often been previously prosecuted on a class and/or collective action basis, and in the manner of identifying the members of the class and providing any monetary relief to them can simply be effectuated from a review of Defendants' books and records.

46.   While the exact number and identities of members of the class are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff Langford believes that approximately 80-100 putative class members have worked as servers, waitresses, waiters, bartenders, bar backs, runners or other similarly-situated employees during the applicable statutes of limitations, without receiving appropriate compensation for work performed as required by federal and state law.

47.   As the representative party of the class, Plaintiff Langford's claims are typical of the claims of the class.   Plaintiff Langford has not been properly compensated for all hours she performed work for the benefit of the Defendants.   Plaintiff Langford has been subject to the wrongful policies, practices, and procedures of the Defendants.   Plaintiff Langford has suffered harm as a result thereof.

10

48.     Plaintiff Langford will fairly and adequately represent and protect the interests of the members of the class.  Plaintiff Langford has retained counsel competent and experienced in collective actions, class actions, wage claims, including FLSA and RIMWA claims, and other employment law litigation.

49.     Class certification is appropriate pursuant to the FLSA and RIMWA because the Defendants have violated the statutory rights generally applicable to members of the class.

50.     The names and addresses of the FLSA/RIMWA Class/Collective Action persons are available from the Defendants.  To the extent required by law, notice will be provided to such individuals via first class mail and/or by the use of techniques in a form of notice that has been used customarily in the FLSA/RIMWA class/collective actions, subject to this Honorable Court's approval.

## VIII.   Claims for Relief

51.     Plaintiff Langford, on behalf of herself and others similarly-situated, incorporates the allegations contained in ¶¶1 through 50 above in the counts set forth below.

### Count One
### Violation of the FLSA
### [Collective Action]

52.     During all relevant time periods, the Defendants have been and continue to be an "employer" within the meaning of the FLSA.

53.     During all relevant time periods, the Defendants employed and continue to employ Plaintiff Langford and putative class members within the definition of the FLSA.

54.     Plaintiff Langford consents to sue in this action pursuant to the FLSA.

55.     The FLSA requires each covered employer, such as the Defendants, to compensate all employees at the minimum wage for all non-tipped duties performed in any workweek.

56.     Plaintiff Langford and other similarly-situated employees were and are paid hourly in various workweeks.

57.     Plaintiff Langford and other similarly-situated employees are entitled to be paid at the minimum wage rate for all non-tipped duties performed in any workweek

58.     During all relevant time periods, the Defendants maintained a policy and practice of failing and refusing to compensate their employees at the minimum wage rate for all non-tipped duties performed in various workweeks.

59.     As a result of Defendants' failure and/or refusal to compensate their employees, including Plaintiff Langford and other similarly-situated employees, at the minimum wage rate for all non-tipped duties performed in various workweeks, the Defendants have violated and continue to violate the FLSA.

60.     Defendants' conduct as alleged herein constitutes a willful violation of the FLSA.

61.     Plaintiff Langford, on behalf of herself and other similarly-situated employees, are entitled to damages in the amount of their respective unpaid compensation, plus liquidated damages as provided by the FLSA and other such legal and equitable relief as this Honorable Court deems just and proper, for which they are entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Two**
**Violation of the RIMWA**
**[Class Action]**

62.     During all relevant time periods, the Defendants have been and continue to be an "employer" within the meaning of the RIMWA.

63.     During all relevant time periods, the Defendants employed and continue to employ Plaintiff Langford and putative class members within the definition of the RIMWA.

64.     Plaintiff Langford consents to sue in this action pursuant to the RIMWA.

65.     The RIMWA requires each covered employer, such as the Defendants, to compensate all employees at the minimum wage for all non-tipped duties performed in any workweek.

66.     Plaintiff Langford and other similarly-situated employees were and are paid hourly in various workweeks.

67.     Plaintiff Langford and other similarly-situated employees are entitled to be paid at the minimum wage rate for all non-tipped duties performed in any workweek

68.     During all relevant time periods, the Defendants maintained a policy and practice of failing and refusing to compensate their employees at the minimum wage rate for all non-tipped duties performed in various workweeks.

69.     As a result of Defendants' failure and/or refusal to compensate their employees, including Plaintiff Langford and other similarly-situated employees, at the minimum wage rate for all non-tipped duties performed in various workweeks, the Defendants have violated and continue to violate the RIMWA.

70.     Defendants' conduct as alleged herein constitutes a willful violation of the RIMWA.

71.     Plaintiff Langford, on behalf of herself and other similarly-situated employees, are entitled to damages in the amount of their respective unpaid compensation, plus liquidated damages as provided by the RIMWA, and other such legal and equitable relief as this Honorable Court deems just and proper, for which they are entitled to relief pursuant to R.I.G.L. §28-14-19.2.

## IX.     Prayers for Relief

**WHEREFORE,** Plaintiff Langford, on behalf of herself and other similarly-situated employees, respectfully prays for the following relief:

1.     a determination that this is a proper collective action pursuant to 29 U.S.C. 216(b);

2.     a determination that this is a proper class action pursuant to Fed. R. Civ. P. 23;

3.     a prompt issuance of notice pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in collective class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b), and equitable tolling of the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

4.     a designation of Plaintiff Langford as the representative of the class;

5.     a declaratory judgment declaring that the Defendants willfully violated the minimum wage requirements under the FLSA and the RIMWA in the manner complained of herein;

6.     in the alternative, a declaratory judgment declaring that the Defendants violated the minimum wage requirements under the FLSA and the RIMWA in the manner complained of herein;

7.     enjoin and permanently restrain the Defendants from violating the FLSA and the RIMWA;

8.     an award of compensatory damages;

9.     an award of punitive damages;

10.    an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2;

11.    an award of liquidated damages pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2; and,

12.    such other and further relief as this Honorable Court deems just and proper.

## X.    Demand for Jury Trial

Plaintiff Langford, on behalf of herself and other similarly-situated employees, hereby demands a trial by jury on all counts so triable.

## XI.    Designation of Trial Counsel

Plaintiff Langford, individually and on behalf of all others similarly-situated, hereby designates V. Edward Formisano, Esq. and Michael D. Pushee, Esq. as trial counsel.

Plaintiff,
By her attorneys,
**FORMISANO & COMPANY, P.C.**

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com