UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LORRI LANGFORD, individually and on behalf of a class of persons similarly situated,<br>    Plaintiff<br><br>v.<br><br>BUFFALO WILD WINGS INTERNATIONAL, INC., BUFFALO WILD WINGS, INC. and BLAZIN WINGS, INC. d/b/a BUFFALO WILD WINGS, JOHN DOE COMPANIES, 1 through 10, inclusive,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:  C.A. No. 1: 16-cv-00209-M-LDA<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DECLARATION OF MICHAEL D. PUSHEE

I, Michael D. Pushee, Esq., hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.  I am a member in good standing of the bar of the State of Rhode Island. I respectfully submit this declaration in support of Plaintiff's Unopposed Motion for Approval of Settlement of Collective Action. The following is based on my personal knowledge, and if called upon to do so, I could and would competently testify thereto.

2.  I am also admitted to the bars of the Commonwealth of Massachusetts, the U.S. District Court for the District of Rhode Island, and the U.S. District Court for the District of Massachusetts.

3.  I graduated from Roger Williams University's School of Law in 2003. I am a member of the law firm of Formisano & Co., P.C. Formisano & Co, P.C. is primarily an employment litigation law firm. During the course of my legal practice, I have practiced primarily in the area of employment law. My focus has concentrated in representing employees in employment claims, including federal and state wage and hour claims. I currently serve as counsel in many employment litigation matters in Rhode Island federal and state courts, including non-

1

payment of wage cases similar to this case. I have litigated numerous wage and hour cases, several of which have been or are currently pending before this Court.

4. On May 10, 2016, the Plaintiff, Lorri Langford, filed a collective and class action complaint in this Court alleging claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") as well as the Rhode Island Minimum Wage Act, R.I.G.L., § 28-12-1, *et seq.* ("RIMWA").

5. In her lawsuit, the Plaintiff has asserted that she was formerly employed at Defendants, which owned and operated two (2) restaurant locations in Rhode Island. Plaintiff Langford has claimed that the Defendants unlawfully took a "tip credit" and paid the Plaintiff and other tipped employees a reduced minimum wage for non-tipped duties commonly referred to as "side work" or "closing work."

6. On October 24, 2016, this Court stayed this matter pending the determination of liability in a related lawsuit, Alisha Robbins, et al. v. Blazin Wings, Inc. d/b/a Buffalo Wild Wings, C.A. No.: 15-06340, filed in the U.S. District Court for the Western District of New York (the "Robbins Action").

7. In September, 2018, the parties in the Robbins Action reached a settlement on a class-wide basis. The settlement was approved by the Robbins court on May 6, 2019. The administration of the settlement was completed in June, 2020. As part of the Robbins Action settlement administration process, a total of sixty-two (62) Rhode Island employees opted into the Robbins Action and participated and received settlement monies in the Robbins Action. There remain approximately two-hundred forty-five (245) Rhode Island employees as part of the potential putative class in this matter.

8. As the settlement process in the Robbins Action neared completion, the Defendants had a better understanding of the potential number of members in the putative class and the amount

of the wage claim attributable to each potential putative class member. As such, beginning in May, 2020, the Defendants provided me with information, data, and documents relevant to the claims in this case.

9. The materials disclosed by the Defendants included the total number of putative class members, the putative class members' employee numbers, and the amount of purported unauthorized tip credits taken by the Defendants for the period of September 1, 2013 until June 30, 2020. The Defendants also provided me with paycheck data, time entry data, customer check data for first checks opened and last checks closed for the Named Plaintiff for the period of her employment (June 10, 2015 until April 8, 2016).

10. After reviewing the materials, the parties engaged in a good faith, arms-length negotiation to resolve this litigation. This Court permitted this matter to be stayed to allow for the on-going settlement negotiations. Following extensive negotiations, the parties reached a tentative agreement of a proposed settlement on September 18, 2020, which is memorialized in the Settlement Agreement. A copy of the signed Settlement Agreement is attached hereto at Exhibit 1.

11. I believe that the settlement negotiated in this case is fair and reasonable, and provides a substantial benefit for all Plaintiffs with respect to their claims for unpaid wages under the FLSA and RIMWA, given the possibility that the Litigation, if not settled now, would result in no recovery for the Plaintiffs or a recovery that was much less favorable.

12. Based on my experience litigating this lawsuit and many similar cases, I believe the class settlement negotiated in this action is in the best interests of all Plaintiffs.

13. The Settlement consists of a Gross Settlement Amount of $70,000.00. The Gross Settlement amount covers payment of the court-approved Incentive Award to the Named Plaintiff and the fees and expenses of the Settlement Administrator. The Gross Settlement

Amount does not include Court-approved attorney's fees and costs or Employer Payroll Taxes.

14. The Parties have spent considerable time negotiating and drafting the Settlement Agreement, which ensures that all Plaintiffs are provided with a Notice of the lawsuit and of the terms of the Settlement Agreement. A copy of the proposed Notice is attached hereto at Exhibit 2.

15. Within ten (10) days of Court approval of the Settlement Agreement, the Defendants will provide the Plaintiffs' Counsel and the Settlement Administrator contact information, in electronic form, for all the Plaintiffs. Within twenty-one (21) days of the Effective Date, after performing a skip trace to obtain the most current address for each Plaintiff, the Settlement Administrator will send Settlement Notices and Settlement Checks by First Class U.S. mail to the Plaintiffs. The Plaintiffs will have until the end of the Acceptance Period (the 150-day period following the mailing or re-mailing of a Settlement Check), to cash their Settlement Checks. The end of the Acceptance Period will be clearly identified on the Settlement Notices and the Settlement Checks.

16. Any portion of the Net Settlement Fund that remains unclaimed by the Plaintiffs who do not timely endorse and cash their Settlement Checks by the end of the Acceptance Period, or that otherwise remain in the Qualified Settlement Fund under the control of the Settlement Administrator upon final accounting of the settlement funds, shall be returned by the Settlement Administrator to the Defendants' counsel.

17. If the settlement is approved, all Plaintiffs will be paid a portion of the Net Settlement Amount pursuant to an allocation formula based on their actual individual minimum wages owed. For each Plaintiff, his or her owed wages will be calculated by subtracting the amount of wages paid at the tip-credit minimum wage from the amount of wages that would have

been earned if that Plaintiff was paid the applicable minimum wage for all Non-Tipped Hours worked between May 10, 2013 and June 30, 2020 according to Defendants' Pay Data. Non-Tipped Hours Worked for each Plaintiff is calculated by subtracting the total tipped hours worked on a particular day (time entry of first customer check opened until time entry for last customer check closed with adjustments for breaks) from the total hours worked that particular day (first clock-in until last clock-out entry) according to Defendants' Pay Data. Each Plaintiff will be computed to be owed an amount in Liquidated Damages that equals their amount of Owed Minimum Wages. All Plaintiffs' Individual Owed Minimum Wages and Liquidated Damages will be summed to calculate each Plaintiff's Individual Amount Owed. All Plaintiffs' Individual Amounts Owed will be summed to calculate Total Owed to all Plaintiffs, and the Plaintiffs' Counsel will then divide each Plaintiff's Individual Amount Owed by the Total Owed to all Plaintiffs to calculate each Plaintiff's Portion of the Net Settlement Fund. Finally, the Plaintiffs' Counsel will multiply each Plaintiff's Portion of the Net Settlement Fund by the Net Settlement Fund to calculate their individual Settlement Award. If a Plaintiff's Settlement Award is less than $25.00, the Plaintiff's Settlement Award will be increased to the Minimum Settlement Award of $25.00.

18. Within ten (10) business days after the Approval Order, the Defendants will deposit the Gross Settlement Amount into a Qualified Settlement Fund established by the Settlement Administrator.

19. The Plaintiffs who sign and cash their Settlement checks will release any claims. The Settlement Agreement provides that every Plaintiff who cashes a Settlement Check will release the Defendants and the Releasees from any claims asserted in the Class and Collective Action Complaint, including any claims for alleged failure to pay the minimum wage under FLSA and the RIMWA and any claims for liquidated damages, penalties, restitution, interest, attorneys'

fees or costs, declaratory relief, equitable relief, or injunctive relief for any such claims, within the time periods identified in Section 4.1(B) of the Settlement Agreement.

20. The Plaintiffs' Counsel undertook the representation on a purely contingency basis. Plaintiffs' Counsel executed a fee arrangement with the Named Plaintiff that entitled Plaintiffs' Counsel to one-third of any recovery.

21. With Court approval, the Plaintiffs' Counsel will receive $25,000.00 as attorneys' fees, plus reimbursement of reasonable out-of-pocket costs incurred in the litigation of this action in the amount of $717.69.

22. The reasonable time Formisano and Co., P.C. has expended in litigating and settling this collective action and the reasonable rates for that work, are as follows:

| Name | Rate | Hours | Total |
| --- | --- | --- | --- |
| V. Edward Formisano | $400 | 8.80 | $3,520.00 |
| Michael D. Pushee | $300 | 78.85 | $23,655.00 |
| Total | | | $27,175.00 |

23. Formisano & Co., P.C. overwhelmingly represents employees on a contingent fee basis, but from time to time, it charges clients on an hourly basis.

24. My current hourly rate is $300.00/hour. I have been awarded $225.00/hour by this Court in 2015. Abdullah v. Evolve Bank and Trust, et al., C.A. No. 14-131-S

25. V. Edward Formisano, Esq. graduated from the University of New Hampshire School of Law and holds a Master of Arts degree in English from Rhode Island College and a Bachelor of Arts degree from St. Anselm College. During the entire course of his legal practice, he has practiced primarily in the area of employment law. This Court, in Abdullah, approved a reasonable hourly billing rate for Mr. Formisano in the amount of $350.00/hour.

26. Based on the rates previously awarded by this Court, Class Counsel believes the rates requested by Class Counsel are within the prevailing market rates for lawyers of Class Counsel's experience and expertise.

27. Plaintiffs' Counsel's requested $25,000.00 attorney's fees payment is less than the firm's lodestar of $27,175.00.

28. In addition to her payments under the allocation formula, the Named Plaintiff, Lorri Langford, seeks Court approval for an Incentive Award from the Gross Settlement Amount for services she rendered to the Plaintiffs. Specifically, the Named Plaintiff is requesting an Incentive Award in the amount of $5,000.00.

29. The Incentive Award recognizes the very real steps the Plaintiff took to advance the interests of the Settlement Class. The Plaintiff came forward to start this lawsuit, and it was through her initiative that this recovery was obtained. Throughout the course of the litigation, the Plaintiff provided invaluable assistance to Plaintiffs' Counsel including providing documents, assisting with counsel's pre-suit investigation and assisting with the collective claims and review of documents after the class action was filed.

30. The Parties have retained Rust Consulting, a third-party class action claims administrator, to serve as the Settlement Claims Administrator. The Settlement Claims Administrator's costs and expenses shall be paid from the Gross Settlement Fund.

31. Continued litigation of this case would entail significant risks and expense. This case presented numerous and vigorously contested issues related to Plaintiffs' unpaid wages under the FLSA and the RIMWA, included the existence of arbitration agreements signed by some of the Plaintiffs, and whether certain legal defenses provided Defendants with a complete or partial defense to liability.

32. The settlement is the result of contested litigation, which was resolved through arm's-length negotiations facilitated by experienced attorneys

33. The settlement of $70,000.00 represents a significant percentage of the recovery that the Plaintiffs would have achieved had they prevailed on their claims and survived an appeal, and a substantial portion of what the Defendants would be required to pay if faced with a judgment.

34. The Plaintiffs' Counsel has gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed Settlement.

35. Based on Plaintiffs' Counsel's knowledge of the case and the applicable law, as well as their experience in numerous similar wage and hour actions, the Plaintiffs' Counsel believe the Settlement is fair and reasonable.

36. The Named Plaintiff also approves the terms of the Settlement.

37. My firm has incurred $737.15 in litigation costs through November 10, 2020. These expenses include:

| Item | Cost |
| --- | --- |
| Filing Fees | $400.00 |
| WESTLAW | $253.95 |
| File/Office Materials | $25.00 |
| Photocopies | $13.20 |
| Service of Process | $45.00 |
| **Total** | **$737.15** |

38. The expenses incurred are reasonable and related to the litigation and thus their reimbursement should be approved.

Date: 11/13/20

Michael D. Pushee, Esq.